IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHELBY DEAN SKAGGS,

        Plaintiff,

v.                                  CIVIL ACTION NO. 2:23-cv-00759

JAY M. HOKE, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *pro se Complaint* (Documents 2 & 7) and Supplement to the Complaint (Document 8), brought on the grounds that the Defendants violated his rights during his prosecution in 2010, resulting in wrongful conviction. By *Administrative Order* (Document 6) entered on November 28, 2023, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On July 18, 2024, Magistrate Judge Aboulhosn submitted a *Proposed Findings and Recommendation* (PF&R) (Document 16), wherein it is recommended that this Court deny the Plaintiff's applications to proceed without prepayment of fees or costs, dismiss the Plaintiff's complaints, and remove this matter from the Court's docket. The Plaintiff timely filed his Objections (Document 22) to the PF&R. For the reasons stated herein, the Court finds that the Plaintiff's objections, to the extent his filing may properly be construed as objections, should be overruled.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Magistrate Judge Aboulhosn's PF&R sets forth in great detail the procedural and factual history surrounding the Plaintiff's claims. The Court now incorporates by reference those facts and procedural history. In order to provide context for the ruling herein, the Court provides the following summary.

The Plaintiff, Shelby Dean Skaggs was indicted in 2010 and convicted at trial in 2012 of sexual abuse in the 1st degree and sexual abuse by a parent or guardian. He alleges that there were flaws in his indictment, that his defense attorney was ineffective, that the judge was biased and made improper rulings, and that various witnesses and officials lied or failed to follow proper procedures. Mr. Skaggs names the following Defendants: Jay Hoke, Circuit Court Judge of Lincoln County; Victor Navy, Defense Attorney; Jackie Stevens, Prosecutor; T.M. Divita, West Virginia state Trooper Investigator; Jeffrey Bowen, Direct Appeal Attorney; Dean Williams, Habeas Attorney; Robby J. Aliff, Lawyer Disciplinary Board; Adrian Hoosier, Appeal and Habeas Lawyer; Dan Corey, Habeas Attorney; Elliott Workman, Habeas Attorney; Peggy Spalding, Clerk of the Supreme Court of Appeals of West Virginia; Women's and Children's Hospital; Dr. Joan Phillips; Maureen Runyon, Interviewer of Victim; Jane or John Doe, Employee at Women's and Children's Hospital in Charge of DVD Recordings; and Jane Doe, Employee at Women's and Children's Hospital that conducted physical examination of the victim.

**STANDARD OF REVIEW**

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or

legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

Judge Aboulhosn recommends that the Plaintiff's claims be dismissed. He found insufficient allegations against several Defendants, that the statute of limitations barred claims as to others, that judicial and prosecutorial immunity barred claims against the judge and prosecutor, that the Plaintiff's attorneys cannot be sued under 42 U.S.C. § 1983 because they were not state actors, and that the Plaintiff failed to state a cognizable claim for wrongful conviction because he does not allege that his conviction has been found invalid.

The Plaintiff contends that he lacks training in the law and needs an attorney. He indicates that he does not understand the finding in the PF&R that he failed to state a claim for which relief can be granted. He attached exhibits, with handwritten marginal notes, consisting of various records from his original case, including trial transcripts, as well as pages in which he recounts legal principles. In those notes, he contends that the judge should have declared a mistrial when, during opening statements, his attorney explained that he was using new reading glasses after recently breaking his bifocals and asked the jury to forgive him for fidgeting with his notes. He

attached a copy of the Indictment, which indicated that it was from the January 2010 Term, but he was told he was actually indicted in the September 2010 Term.[1] The Plaintiff contends that the prosecutor withheld evidence, including *Brady* materials, although he does not specify the evidence at issue. He notes instances in which the prosecutor asked leading questions of the minor victim during her trial testimony, and asserts that minor details, like whether the road was paved or gravel, were "lies." (Document 22-1 at 54-59.)

To the extent the Plaintiff's filing reasserts his request for appointment of counsel, the Court again finds that he has not put forth an adequate legal or factual basis to appoint counsel in this matter. To the extent the Plaintiff's filing may be construed as objections, they are general and conclusory and fail to "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Miller El v. Derosha*, No. 7:24-CV-11, 2024 WL 2368984, at *2 (W.D. Va. May 22, 2024). The Plaintiff simply reiterates the various reasons he believes his conviction was improper, without addressing the grounds for dismissal cited by Judge Aboulhosn. Upon review, the Court finds no error in the PF&R. Therefore, any objections should be overruled.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's Objections (Document 22) be **OVERRULED**, that the *Proposed Findings and Recommendation* (Document 16) be **ADOPTED**, that the Plaintiff's *pro se Complaint* (Documents 2 & 7) and Supplement to the Complaint (Document 8) be **DISMISSED**, and that this matter be **REMOVED** from the Court's docket.

---

[1] The Indictment alleges conduct ending in May 2010.

4

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: November 25, 2024

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA